JS 44 (Rev. 12/07, NJ 5/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

KERRIE BATCHELDER

**DEFENDANTS**

NCO FINANCIAL SYSTEMS, INC

**(b)** County of Residence of First Listed Plaintiff _____

County of Residence of First Listed Defendant _____

**(c)** Attorney's (Firm Name, Address, Telephone Number and Email Address)

Craig Thor Kimmel, Esquire
Kimmel & Silverman, P.C.
30 E. Butler Pike
Ambler, PA 19002
(215) 540-8888

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☒ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☐ 465 Other Immigration | | State Statutes |
| | ☐ 440 Other Civil Rights | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from another district (specify)
- ☐ 6  Multidistrict Litigation
- ☐ 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C SECTION 1692

Brief description of cause:
Fair Debt Collection Practices Act

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) (See instructions):

JUDGE _____    DOCKET NUMBER _____

Explanation:

DATE  10/17/12

SIGNATURE OF ATTORNEY OF RECORD

## UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.**

Address of Plaintiff: 8257 Stephanie Ln., Bellevue, NE 68147

Address of Defendant: 507 Prudential Rd., Horsham, PA 19044

Place of Accident, Incident or Transaction: _____
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes☐  No☒

Does this case involve multidistrict litigation possibilities?    Yes☐  No☒
*RELATED CASE, IF ANY*:
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
    Yes☐  No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
    Yes☐  No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?    Yes☐  No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
    Yes☐  No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases*:

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
    (Please specify) 15 U.S.C. § 1692

B. *Diversity Jurisdiction Cases*:

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify) _____

### ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Craig Thor Kimmel, counsel of record do hereby certify:
☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: 10|17|12    _____    57100
                         Attorney-at-Law               Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 10|17|12    _____    57100
                         Attorney-at-Law               Attorney I.D.#

CIV. 609 (5/2012)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| KERRIE BATCHELDER | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | NO. |
| NCO FINANCIAL SYSTEMS, INC. | : | |
| | : | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                                   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                                         ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   (X)

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                               ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                                 ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.                   ( )


10|17|12
Date

Craig Thor Kimmel
Attorney-at-law

Plaintiff, Kerrie Batchelder
Attorney for


215-540-8888
Telephone

877-788-2864
FAX Number

kimmel@creditlaw.com
E-Mail Address


(Civ. 660) 10/02

1

2

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSLYVANIA**

3

KERRIE BATCHELDER,                          )
                                            )
4                    Plaintiff              )
                                            )       **Case No.:**
5         v.                                )
                                            )       **COMPLAINT AND DEMAND FOR**
6    NCO FINANCIAL SYSTEMS, INC.,           )       **JURY TRIAL**
                                            )
7                    Defendant              )       **(Unlawful Debt Collection Practices)**

8

9

**COMPLAINT**

10

KERRIE BATCHELDER ("Plaintiff"), by and through her attorneys, KIMMEL &

11

SILVERMAN, P.C., allege the following against NCO FINANCIAL SYSTEMS, INC.,

12

("Defendant"):

13

**INTRODUCTION**

14

1.      Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15

15

U.S.C. § 1692 *et seq.* ("FDCPA").

16

**JURISDICTION AND VENUE**

17

2.      Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states

18

that such actions may be brought and heard before "any appropriate United States district court

19

without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original

20

jurisdiction of all civil actions arising under the laws of the United States.

21

3.      Defendant maintains its corporate headquarters in the Commonwealth of

22

Pennsylvania; therefore, personal jurisdiction is established.

23

4.      Venue is proper pursuant to 28 U.S.C. §1391(b)(1).

24

**PARTIES**

25

5.      Plaintiff is a natural person residing in Bellevue, Nebraska 68147.

- 1 -

6.     Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

7.     Alternatively, Plaintiff is a person granted a cause of action under the FDCPA. See 15 U.S.C. §1692k(a), and Wenrich v. Cole, 2000 U.S. Dist. LEXIS 18687 (E.D. Pa. Dec. 22, 2000).

8.     Defendant is a national debt collection company with its corporate headquarters located at 507 Prudential Road, Horsham, Pennsylvania 19044.

9.     Defendant collects, and attempts to collect, consumer debts incurred, or alleged to have been incurred, for personal, family or household purposes on behalf of creditors and debt buyers using the U.S. Mail, telephone and/or internet.

10.    Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiffs in an attempt to collect a debt.

11.    Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

12.    At all relevant times, Defendant was attempting to collect an alleged consumer debt and contacted Plaintiff in its attempts to collect the debt.

13.    Upon information and belief, the alleged debt at issue arose out of transactions, which were primarily for personal, family, or household purposes.

14.    Plaintiff never incurred any debts in connection with business or commercial activities and, therefore, the alleged debt, if truly an obligation owed by her, could have only arisen from a financial obligation for primarily personal, family or household purposes.

15.     Beginning in April 2012, and continuing through July 9, 2012, Defendant continuously and repeatedly contacted Plaintiff on her cellular telephone in its attempt to collect a debt.

16.     During the relevant period, Defendant contacted Plaintiff, on average, three (3) to eight (8) times a day, in attempts to collect the alleged debt.

17.     As a result, Plaintiff received more than ten (10) collection calls a week.

18.     Many of Defendant's collection calls originated from telephone numbers that appeared as "unknown" on her caller-id.

19.     Plaintiff knew that these "unknown" telephone numbers belonged to Defendant because when she would answer the calls, or retrieve the voicemail messages, she was greeted by an automated, pre-recorded message identifying the caller as "NCO Financial."

20.     For example, many of the voicemail messages Plaintiff received from Defendant stated the following:

> This is NCO Financial calling for Kerrie M. Batchelder. If this is not Kerrie M. Batchelder, please hang up. If this is, we are attempting to collect a debt. This is NCO Financial calling. This is a very important business matter. Please return our call to…(*sic*).

21.     Defendant was not calling about a business matter. Defendant's statements that it was were misleading, false, and deceptive.

22.     Further, on the occasions when Plaintiff answered Defendant's collection calls, Defendant would hang-up or disconnect the phone call, making it impossible for Plaintiff to speak with a live person.

23.     Despite the volume of collection calls, Plaintiff was never able to speak with a live-collector.

- 3 -

24.     Upon information and belief, Defendant's collection methods were unfair and unconscionable as Defendant never provided Plaintiff with an opportunity to speak with a live debt collector, as it repeatedly hung up the telephone on her every time she answered one of its calls.

25.     Further, Defendant never provided Plaintiff with any information regarding the debt, such as the name of the creditor or the amount of the debt.

26.     In fact, within five (5) days of Defendant's first communication with Plaintiff in April 2012, Defendant failed to send Plaintiff a written notice notifying her of her rights to dispute the debt and/or request verification of the debt, as well as providing her with the name of the creditor and the amount of the debt.

27.     As of the current date, Plaintiff has never received written notification about the alleged debt from Defendant.

28.     Plaintiff does not have any information regarding the underlying debt.

**DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT**

**COUNT I**

29.     Defendant's conduct, detailed in the preceding paragraphs, violated 15 U.S.C. §§1692d and 1692d(5).

   a.     A debt collector violates §1692d of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

   b.     A debt collector violates §1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse, or harass any person at the

- 4 -

called number.

c.    Here, Defendant violated §§1692d and 1692d(5) of the FDCPA when it

called Plaintiff three (3) to eight (8) times a day, resulting at times in more

than ten (10) calls in a single week.

## COUNT II

30.    Defendant's conduct, detailed in the preceding paragraphs, violated 15 U.S.C.
§§1692e and 1692e(10).

a.    A debt collector violates §1692e of the FDCPA by using false, deceptive, or

misleading representations or means in connection with the collection of any

debt.

b.    A debt collector violates §1692e(10) of the FDCPA by using false

representations or deceptive means to collect or attempt to collect any debt.

c.    Here, Defendant violated §§1692e and 1692e(10) of the FDCPA by

deceptively attempting to collect a payment for the alleged debt without

providing Plaintiff with any information about the debt, such as who the

original creditor is, or the amount of the debt, as well as stating that it was

calling about a business matter.

## COUNT III

31.    Defendant's conduct, detailed in the preceding paragraphs, violated 15 U.S.C.
§1692f.

d.    A debt collector violates §1692f of the FDCPA by using any unfair or

unconscionable means to collect or attempt to collect any debt.

e.    Here, Defendant's conduct violated §1692f of the FDCPA by using unfair and

- 5 -

1    unconscionable means in connection with the collection of the debt, by

2    hanging up the telephone on Plaintiff when she answered its calls, thus failing

3    to provide her with an option to speak with a live debt collector, in efforts to

4    obtain information about the debt.

5                                **COUNT IV**

6    32.    Defendant's conduct, detailed in the preceding paragraphs, violated 15 U.S.C.

7    §1692g.

8
9         a.    A debt collector violates §1692g(a) of the FDCPA by failing to send to the

10              consumer, within five days after its initial communication with a consumer in

11              connection with the collection of a debt, a written notice containing: (1) the

12              amount of the debt; (2) the name of the creditor to whom the debt is owed;

13              (3) a statement that unless the consumer, within thirty days after receipt of

14              the notice, disputes the validity of the debt, or any portion thereof, the debt

15              will be assumed to be valid by the debt collector; (4) a statement that if the

16              consumer notifies the debt collector in writing within the thirty-day period

17              that the debt, or any portion thereof, is disputed, the debt collector will obtain

18              verification of the debt or a copy of a judgment against the consumer and a

19              copy of such verification or judgment will be mailed to the consumer by the

20              debt collector; and (5) a statement that, upon the consumer's written request

21              within the thirty-day period, the debt collector will provide the consumer

22              with the name and address of the original creditor, if different from the

23              current creditor.

24
25

PLAINTIFF'S COMPLAINT

b.  Here, Defendant violated §1692g of the FDCPA by failing to send written notification, within five (5) days after its initial communication with Plaintiff, advising Plaintiff of her rights to dispute the debt or request verification of the debt or providing her with the name of the original creditor and the amount of the debt.

WHEREFORE, Plaintiff, KERRIE BATCHELDER, respectfully prays for a judgment as follows:

a.  All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

b.  Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c.  All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

d.  Any other relief deemed appropriate by this Honorable Court

### DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, KERRIE BATCHELDER, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

DATED: 10/17/2012                    KIMMEL & SILVERMAN, P.C.

By: */s/ Craig Thor Kimmel*
CRAIG THOR KIMMEL
PA Attorney ID No. 57100
Kimmel & Silverman, P.C.
30 E. Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888 ext. 148
Fax: (877) 788-2864
Email: kimmel@creditlaw.com

- 7 -

PLAINTIFF'S COMPLAINT